UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONINA RYMARUK,

                Petitioner,

v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

                Respondent.

No. C04-01658

ORDER OF DISMISSAL

     This matter came before the Court on Plaintiff Antonina Rymaruk's appeal from a denial by an administrative law judge of an application for Social Security income under Title XVI of the Social Security Act. The Court, having reviewed Plaintiff's complaint, all papers and exhibits in support and in opposition to that complaint, the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, Plaintiff's Objection to the Report and Recommendation, and the remaining record, does hereby find and ORDER:

     (1)    The Court adopts the Report and Recommendation;

     (2)    Plaintiff's complaint is DENIED, and this action is DISMISSED with prejudice; and

     (3)    The Clerk is directed to send copies of this Order to the parties and to Judge Donohue.

**Background:**

     Plaintiff Antonina Rymaruk is a 55-year-old Ukranian immigrant who applied for SSI benefits on February 27, 2001, alleging disability stemming from migraine headaches, dizziness, high blood pressure, heart problems, and arthritis. Plaintiff's application was denied upon initial and reconsidered determinations. Following a hearing before an Administrative Law Judge ("ALJ"), Ms. Rymaruk was found not disabled under the Social Security Act because she was capable of performing past relevant

ORDER OF DISMISSAL-1

work. Plaintiff appealed the ALJ's decision and her request for review was denied, leaving the ALJ's decision as the Commissioner's final decision in this case. Pending the appeal of that hearing, Plaintiff reapplied for SSI benefits and began receiving them on January 9, 2004. Plaintiff seeks reversal of the September 29, 2003, unfavorable ALJ decision and payment of back benefits for the period of February 27, 2001, through September 29, 2003.

**Analysis:**

The Honorable James P. Donohue, United States Magistrate Judge, issued a Report and Recommendation ("R&R") in this matter recommending that the final decision of the Commissioner be affirmed and the Plaintiff's appeal be dismissed. Judge Donohue's R&R is based on four main arguments. First, substantial evidence exists in the record for supporting the finding that the plaintiff had residual capacity to perform light work and her past relevant work. Second, the ALJ did not err with respect to credibility assessments of the plaintiff or weight accorded to the testimony of the plaintiff's daughter. Third, the ALJ did not erroneously weigh or reject evidence from Drs. Tible and Caratoa. Finally, the ALJ did not err by failing to call the vocational expert to testify.

Plaintiff Rymaruk has two objections to the R&R. First, the Plaintiff argues that the ALJ's failure to obtain vocational testimony from the attending vocational expert constitutes reversible error. Second, the Plaintiff argues that the ALJ based his decision on multiple hypotheses regarding the credibility of witnesses and that the hypotheses are unsupported and do not constitute substantial evidence. The Plaintiff does not object to the other two lines of analysis presented in the R&R.

Despite Plaintiff's argument, the ALJ is not required to obtain vocational testimony in evaluating disability and the use of vocational experts is left to the Commissioner's discretion. <u>Gomez v. Chater</u>, 74 F.3d 967, 971 (9th Cir., 1996). The appropriate regulations state that "if the issue in determining whether you are disabled is whether your work skills can be used in other work and the specific occupations in which they can be used, or there is a similarly complex issue, we may use the services of a vocational expert or other specialist. We will decide whether to use a vocational expert or other specialist." 20 CFR 404.1566(5)(e).

ORDER OF DISMISSAL-2

The decisive factor at issue here is that the ALJ determined at step four of the five-part analysis utilized in social security disability cases, that Ms. Rymaruk was capable of performing her past relevant work.  Thus, the ALJ was not required to proceed to step five and it is at step five that testimony from a vocational expert may be needed to meet the ALJ's burden of proof.  Although the testimony of a vocational expert may have assisted the ALJ at step four, the fact that none testified does not constitute a reversible error.

Ms. Rymaruk's second argument in opposition to the R&R, that the ALJ rejected the testimony of the claimant and her daughter without evidence, also fails.  The ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996).  The general principle that questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary applies in this situation.  Allen v. Heckler, 749 F.2d 577, 580 (9th Cir., 1984). The ALJ in the case at hand specifically identified what testimony he deemed not credible.

**Conclusion:**

The Magistrate's R&R addresses all of the Plaintiff's arguments fully and accurately.  Plaintiff's objections to the R&R do not raise issues that would warrant remanding this case to the ALJ.  Therefore, this Court ADOPTS the Report and Recommendation, DENIES Plaintiff's complaint, and DISMISSES this action with prejudice.

Dated this _2nd_ day of August, 2005.

_Marsha J. Pechman_
Marsha J. Pechman
U.S. District Judge

ORDER OF DISMISSAL-3